# Elias Fair and Wife, Plffs. in Err., *v.* Pennsylvania Railroad Company.

Where, in an action against a railroad company for damages for the death of a brakeman in its employ, it appeared that the deceased fell and was killed while attempting to climb to the top of a box freight car, by steps or bars at the end furnished for that purpose, but on the top of which car there was only an iron spike in place of the usual handhold,—*Held,* that—as the steps or bars on the end of the car were good, and until the deceased let go of them he was safe, but if he did let go of them before he was sure of a secure grip on the top of the car, the fault was his own—there was nothing in the evidence to establish negligence on the part of the company; and, therefore, a nonsuit was properly ordered.

(Argued April 19, 1888. Decided May 14, 1888.)

January Term, 1888, No. 360, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Huntingdon County to review a judgment of compulsory nonsuit in an action in case for damages for the death of the plaintiffs' son, alleged to have resulted from the defendant's negligence, August term, 1883, No. 55. Affirmed.

At the trial, the plaintiff's evidence showed that the deceased, who was a brakeman in the defendant's employ, undertook, on May 4, 1883, in the course of his duties, to climb to the top of a box freight car, which had broken loose from a train and was in motion, to stop the car by means of the brake on the top thereof; that on the end of the car there were two iron steps, or bars or stirrups, as they were called, to ascend it by; that the deceased was seen to jump on the end of the car and scale it by the use of the iron steps or bars and then reach up towards the top of the car, and then fall back on the track—where he was run over and killed; that an examination of the car was then made, and it was found that the usual handhold, to assist in climbing up, was missing from the top of the car, and that in place thereof there was a railroad spike driven in the top of the car.

In the course of the trial the plaintiff made the following offer of evidence:

"Plaintiffs propose to prove by Mr. Decker, who was an old and experienced railroader, that a person who should endeavor to get upon the top of a railroad freight car, and who lost his grip on the handhold, would naturally fall to the opposite side; and that a brakeman who would endeavor to get upon the top of a car by the aid of a spike, would have to use more care than when the handhold was on, and to describe the manner of getting upon the top of the car."

Objected to by the defendant: (1) Because the witness was not present at the time of the accident and knows nothing about it; and (2) that no foundation has been laid for his examination as an expert.

By the Court, FURST, P. J.: Objection sustained. [3]

At the close of plaintiffs' evidence the defendant moved for a compulsory nonsuit for the following reasons: (1) Because the evidence shows no negligence, or at most a scintilla only, on the part of the defendant company; (2) because the alleged negligent act is not shown to have been the cause of the death of brakeman Fair; and (3) because the evidence and theory of the plaintiffs require and show contributory negligence on part of brakeman Fair.

By the Court: There is no evidence of any negligence shown on the part of the defendant. The cause of the death is left entirely to conjecture, and from all the evidence in the cause it could have occurred in various ways and from different causes. It is clearly shown that the deceased sat on a car in close proximity to, and in full view of, the car No. 11210 (the car from which deceased fell), and could have seen any part of the steps. We are therefore compelled to sustain this motion, and to direct a compulsory nonsuit, which is now done. [1]

The court having entered judgment of nonsuit, plaintiffs moved the court to take off such judgment, for the following reasons: (1) The court erred in not permitting the jury to say from the evidence whether the absence of the handhold contributed directly to the death of the deceased; (2) the testimony at least established a doubt as to the negligence of the defendant and the cause of death, and it should have been left to the jury to say whether its negligence caused the death of the deceased; (3) the court erred in not permitting the jury to say whether

or not the spike, on the top of the car from which the deceased
fell, was a sufficient handhold to enable him to get upon the car,
and whether or not the want of the handhold was not the proxi-
mate cause of his death; (4) it having been shown that there
was no handhold on the top of the car, but simply a railroad
spike in place of a regular handhold, and that the deceased fell
while reaching over to grasp for the handhold, which should
have been there, and it also having been shown that the inside
of the third and fourth fingers of the left hand of deceased after
death were lacerated, the court should have left the jury to de-
cide from the evidence whether or not the death of the deceased
was caused by the neglect of the defendant to provide a proper
handhold upon the car from which the deceased fell; (5) it was
for the jury to say from all the evidence what caused the death
of the deceased; (6) it does not appear from the evidence that
the deceased, on his way from Tyrone to Tipton, saw the defect
on car No. 11210, and if he did see it he was not bound to
recollect that defect, nor the particular car upon which it ex-
isted, when called upon in haste, as he was, to tighten the brake
on the top of said car; (7) whether the deceased was guilty of
concurrent negligence, in failing to see the defect on car No.
11210, or having seen it, failed to recollect it when in the dis-
charge of his duty, were questions of fact, which should have
been submitted to the jury to decide; (8) it having been shown
that there was no handhold on the top of the car—such as the
defendant has adopted and in use, but in lieu thereof a spike,
and that the deceased fell, immediately after reaching over to
grasp a handhold; and it also having been shown that the inside
of the third and fourth fingers of the left hand of deceased,
after death, were lacerated, the court should have let the jury
decide whether or not the death of the deceased was caused by
the neglect of the defendant to maintain a handhold, upon the
car from which the deceased fell; and (9) whether the spike
driven in the top of the car in the place of a regular handhold
was such an appliance as to enable the deceased with reason-
able care to get upon the top of the car without danger was a
question for the jury.

The court refused to take off the judgment of nonsuit, in the
following words:

"The evidence fails to show that the death of plaintiffs' son,
a brakeman in the employ of defendant, was occasioned by any

negligence on the part of defendant. We have examined with care for the purpose of ascertaining whether any fact was shown by the testimony which we ought to have submitted to the jury. We fail to find any evidence of negligence. A mere scintilla is not sufficient to take the case to the jury. We are therefore compelled to refuse the motion to take off the nonsuit." [2]

Thereupon plaintiffs took this writ, assigning as error: (1) The rejection of their offer of evidence; (2) the direction of nonsuit; and (3) the refusal to take off the judgment of nonsuit.

*H. H. Waite*, for plaintiffs in error.—If the fact relied on to establish negligence is doubtful, the case should be submitted to the jury. Pennsylvania R. Co. v. Fortney, 90 Pa. 323.

The defendant's motion for nonsuit entitled the plaintiffs to every inference of fact which the jury might draw from the evidence, and every fact which the evidence tended to prove. Maynes v. Atwater, 88 Pa. 496. See also Hill v. Nation Trust Co. 108 Pa. 1, 56 Am. Rep. 189.

In an action against a railroad company it does not matter that the proof of negligence is slight. If it exceeds a mere scintilla it should be submitted to the jury. Pennsylvania R. Co. v. Horst, 110 Pa. 226, 1 Atl. 217.

It is clear that by proper inspection the defendant could have discovered that the iron handhold was defective, and replaced it with a new one. This was its plain duty. See Baker v. Allegheny Valley R. Co. 95 Pa. 216, 40 Am. Rep. 634; Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 280, 37 Am. Rep. 684; Patterson, Railway Accident Law, § 309; Ford v. Fitchburg R. Co. 110 Mass. 240, 14 Am. Rep. 598; Plank v. New York C. & H. R. R. Co. 60 N. Y. 607; Ryan v. Fowler, 24 N. Y. 410, 82 Am. Dec. 315.

The employer is bound to furnish and maintain suitable instrumentalities for the work or duty which he requires of his employees, and failing in this he is liable for any damages flowing from his neglect. Patterson v. Pittsburg & C. R. Co. 76 Pa. 393, 18 Am. Rep. 412; Caldwell v. Brown, 53 Pa. 453, and Frazier v. Pennsylvania R. Co. 38 Pa. 104, 80 Am. Dec. 467; Snow v. Housatonic R. Co. 8 Allen, 441, 85 Am. Dec. 720.

Brakemen are employed to draw brakes, and always on a

moment's notice; their duties are necessarily performed in haste. The master's duties are to provide and maintain suitable appliances, to enable them to discharge these duties. Lee v. Woolsey, 109 Pa. 126.

Where the evidence is conflicting as to whether an implement is reasonably safe for the work for which it is designed and used, it is a question for the jury. Philadelphia, W. & B. R. Co. v. Keenan, 103 Pa. 124.

*William Dorris* and *John D. Dorris,* for defendant in error. —The court below, in directing the nonsuit covered by these two assignments of error, evidently ruled the case on the authority of Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450. The facts in the two cases are quite similar and the principles of law involved are almost identical.

An action of damages cannot be founded on a mere inference or guess. Id.

In actions against the employer the burden of proof is on the employee. If he undertakes to trace the injury to the negligence of the employer, and until he can show some negligent act which was the proximate cause, he cannot recover. Philadelphia & R. R. Co. v. Hughes, 119 Pa. 301, 13 Atl. 286.

The defendant was required to furnish only such appliances as were "reasonably safe." Id.

By contracting for the employment of hazardous duties, he (an employee) assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he had an opportunity to ascertain. Wharton, Neg. § 214.

In Ballou v. Chicago, M. & St. P. R. Co. 54 Wis. 257, 41 Am. Rep. 31, 11 N. W. 559, the deceased was killed by reason of a defect in the ladder of a freight car and it was held that his representatives could not recover. See also Brossman v. Lehigh Valley R. Co. 113 Pa. 498, 57 Am. Rep. 479, 6 Atl. 226.

Where an employer has furnished his employees with tools and appliances, which, though not the best possible to be obtained, may by ordinary care be used without danger, he has discharged his duty and is not responsible. Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684; Payne v. Reese, 100 Pa. 306; New York, L. E. & W. R. Co. v. Lyons,

119 Pa. 324, 13 Atl. 205; Barkdoll v. Pennsylvania R. Co. 9 Sad. Rep. 545.

It was not shown that this car had passed any of the points on the road where inspection is usually made of freight cars. If there was any breach of duty in this case in regard to inspection, it was on the part of the car inspector or the conductor; and they were both fellow employees in the same circle of appointment with the deceased, and the company is not responsible. Philadelphia & R. R. Co. v. Hughes, 119 Pa. 301, 13 Atl. 286.

A servant or employee assumes the risk of all dangers in his employment, however they may arise, against which he may protect himself by the exercise of ordinary observation and care. Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684.

It is essential to a recovery by a servant to show that the master had knowledge of the alleged defect or ought to have known it. 3 Wood, Railway Law, § 386, and foot of page 1474; Wharton, Neg. § 243; Patterson, Railway Accident Law, § 287.

If there was no evidence, or at most a scintilla, it was the duty of the court to withdraw the case from the jury and give a binding instruction to find for the defendant. Philadelphia & R. R. Co. v. Schertle, 97 Pa. 454; Howard Exp. Co. v. Wile, 64 Pa. 201; Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; Allegheny Heating Co. v. Rohan, 118 Pa. 223, 11 Atl. 789.

If plaintiff's case fail to show the omission of any duty incumbent on defendant a nonsuit will be entered. Jennings v. Pennslyvania R. Co. 93 Pa. 337; Baker v. Fehr, 97 Pa. 70.

PER CURIAM:

There was nothing in this case which tended to establish the liability of the defendant for the accident which resulted in the death of Edwin B. Fair. It does not by any means follow that the result would not have been the same had there been a proper handhold on the top of the car. The steps, or bars, on the end of the car were good; and until he let go of them he was safe enough; but if he did so let go before he was sure of a secure grip on the top of the car, the fault was his own. That this may have been the case is obvious enough; hence, as there was no direct evidence that the accident was the immediate

result of the defendant's neglect, the plaintiffs were properly nonsuited.

The judgment is affirmed.